Edward J. Maney, Trustee
P. O. Box 10434
Phoenix, AZ 85064
Telephone (602) 277-3776
Fax No. (602) 277-4103
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 BANKRUPTCY |
| | ) | |
| DEBORAH SUE TUCKER | ) | CASE NO. 2-09-bk-23869-GBN |
| xxx-xx-1232 | ) | |
| | ) | TRUSTEE'S EVALUATION AND RECOMMENDATION(S) REPORT WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED |
| Debtor(s) | ) | RE: CHAPTER 13 PLAN |

Edward J. Maney, Trustee, has analyzed the Debtor's Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

GENERAL REQUIREMENTS:

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b <u>Requests by the Trustee for documents and information are not superseded by the filing of an amended Plan or motion for moratorium.</u>

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an Amended or Modified Plan is filed and noticed out.

d The Trustee requires that any proposed Order Confirming Plan state, "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders".

Trustee's Recommendation
Case #09-23869
Page 2.......

f.  The Debtor(s) is required to provide directly to the Trustee, **within 30 days after the returns are filed,** copies of the federal and state income tax returns for every year during the duration of the Plan. This requirement is to be included in the Stipulated Order Confirming the Plan.

g.  At the time of confirmation, the Trustee will require the Debtor(s) to certify that Debtor(s) are current on all required tax filings and any domestic support orders.

h.  If Debtor(s) Plan proposes to discharge taxes not paid by the Plan, the Trustee objects to this provision. The proper procedure to determine dischargeability is through an adversary proceeding, pursuant to F.R.B.P. Rule 7001. Any proposed Order Confirming the Plan submitted by the Debtor(s) **must** specifically amend or remove this language to comply with the Bankruptcy Code and Rules.

RECOMMENDATION REQUIREMENTS:

1.  Interim Plan payments are current with payment of $1,274.20 due 3/24/10.

2.  The Trustee requires copies of all monthly bank and/or credit union statements for all checking and/or savings accounts Debtors maintained on the petition date.

3.  If this case is not confirmed prior to the 2009 tax deadline or Debtor(s) have filed their tax return prior to confirmation, the Trustee requires Debtors to submit a copy of their 2009 federal and state tax return, along with a copy of all W-2's.

4.  Debtor has moved. The Trustee requires an amended Schedule I and J, along with two current consecutive pay stubs from each employer, to verify Debtors' ability to fund the plan payments.

5.  Debtor has amended the 22C. However, Debtor failed to incorporate her pension income on this document. This income would place the Debtor over-median income and requires the duration of the Plan to be extended to 60 months.

    The Trustee also requires this document to be amended, filed and copy provided to the Trustee.

6.  The proof of claim filed by the BAC Home differs from the creditors' treatment under the Plan or is not provided for by the Plan. This discrepancy must be resolved before confirmation of the Plan. The Trustee requires: (a) the Debtor(s) file an objection to the claim (if the debt is believed to be unsecured); (b) the holder of the claim endorse the order confirming the Plan; (c) the order confirming the Plan to provide for payment of the claim pursuant to the claim; or (d) an amended Plan be filed to provide for payment on the claim. The Trustee will require debtor(s) provide written notification as to whether the

discrepancy has been resolved by April 1, 2010. If resolution of the claim changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If objections to the proofs of claim are timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after completion of the objections.

Absent a showing that the mortgage company is entitled to interest on its arrears, the Trustee objects to the payment of interest on arrears where the mortgage was obtained after October, 1994. Debtor(s) may delete the proposed interest payment to the mortgage company in a proposed order confirming plan **after** filing a motion and providing 25 days' notice to the creditor(s) of the intent to delete the proposed payment of interest on the mortgage arrears or creditor signs the Stipulated Order agreeing to the treatment in the Order.

7. The Plan proposes payment of a secured creditor to Mark Ciaciura who has filed no secured proof of claim. The Trustee requires that the Debtor(s) provide verification of the creditor's security interest by providing him with a copy of the security documents, such as a security agreement, UCC-1, title, Deed of Trust or the like. Moreover, the Trustee requires that the Order Confirming Plan provides as follows: "The Trustee has authority to pay on the secured debt owed to Mark Ciaciura even though the creditor has filed no secured proof of claim, but the Plan and this Order are not an informal proof of claim for any creditor". If the security interest cannot be verified by the Debtor(s), then the Debtor(s) may delete the proposed treatment in a proposed order confirming Plan **after** filing a motion and providing 25 days notice to the creditor of the intent to delete the proposed secured treatment from the Plan.

8. Debtor(s) have received significant tax refunds for 2008 which if allowed to continue constitutes a diversion of disposable income. The Trustee requires Debtor to adjust payroll tax deductions to prevent over- or under-withholding, amend Schedule I increasing Plan payments accordingly, and provide two consecutive pay stubs to verify this has been corrected, or <u>turn over tax returns and refunds beginning with 2009 through the duration of the Plan as</u> supplemental Plan payments.

9. The Trustee requires copies of Debtors' two most recent consecutive paycheck stubs from each employer for each employed Debtor for verification of income and deductions.

The Trustee requires the Debtor to submit a copy of all 2009 W-2's and 1099's.

10. The Trustee notes that fees requested in the amount of $5,500.00 appears to be in excess of the customary rate charged for Chapter 13 Debtor representation in this District. Because the total fees requested exceed $4,000.00, counsel must file a separate application for approval of the fees requested. The application for fees must state the date the service was provided; detailing the service provided; the person doing the work; the time expended in doing that service and the billing rate for each person listed in the fee application.

11. Based upon prior performance, the Trustee conditionally objects to the fees requested by counsel for the debtor(s). The Trustee will withdraw the conditional objection upon confirmation of the debtor(s) plan with the following exceptions. If debtor(s) attorney fails to file all the required statements and schedules within the time set by the Code and any extension granted by the Court, the Trustee will request the Court approve a $750.00 reduction in the fees requested by counsel. The Trustee will request a further $750.00 reduction in attorney fees' if counsel for the debtor(s) fails to timely respond to the Trustee's Recommendation or submit a Stipulated Order Confirming case within the time set by the Trustee. The Trustee will have the conditional objection set for hearing if counsel for the debtor(s) fails to agree to the fee reductions. The conditional objection will not delay confirmation of debtor(s) case. The Trustee will hold funds for counsel until the Court rules on the Trustee's objection. All other monies will be disbursed in due course.

If the Debtor(s) have any questions or concerns regarding this Recommendation, they should contact their attorney. If Debtor(s) are not represented by counsel, they may contact the Case Administrator at extension 210.

The Trustee objects to the confirmation of this Plan under present condition(s). **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to 1,274.20 become current in Plan payments, resolve above item(s) #2 through 11 and submit Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of this Trustee's Recommendation. The Trustee reserves the right to file a Supplemental Recommendation.**

Date See Electronic Signature Block

Edward J. Maney, Trustee

Copies of the foregoing
mailed on this date See Electronic
Signature Block to:

Joseph Charles
P. O. Box 1737
Glendale, AZ   85311

Deborah Sue Tucker
740 S. Main Dr.
Apache Junction, AZ   85220